**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ED BUTOWSKY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 4:19-cv-00577 (ALM) |
| | § | |
| DOUGLAS H. WIGDOR, | § | |
| WIGDOR LLP, ROD WHEELER, | § | |
| | § | |
| | § | |
| DEFENDANTS | § | |

**DEFENDANTS DOUGLAS H. WIGDOR AND WIGDOR LLP'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS**

Defendants Douglas H. Wigdor and Wigdor LLP (together, the "Wigdor Defendants") file this Opposition to Plaintiff's Motion for Extension of Time ("Mot. for Ext.", *see* Dkt. No. 2) to serve his Complaint ("Compl., *see* Dkt. No. 1) on the Wigdor Defendants.

**BACKGROUND**

Ed Butowsky filed his Complaint in this matter on July 31, 2019. More than 90 days later, on November 4, 2019, the Wigdor Defendants moved pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and 12(b)(5) to dismiss the Complaint for lack of personal jurisdiction and for insufficient service of process ("Mot. to Dismiss", *see* Dkt. No. 6.). As to insufficient service, the Wigdor Defendants argued that Butowsky's complaint should be dismissed because he had failed to serve the Wigdor Defendants within 90 days of filing as required by Rule 4(m), and no good cause exists to excuse this failure. *See* Mot. to Dismiss at 10–12.

On the same day that the Wigdor Defendants filed their Motion to Dismiss, Butowsky filed a Motion for Extension, seeking extra time to complete service of his Complaint on Defendants. According to Butowsky, he failed to timely serve Defendants because one of his two attorneys

4834-0770-6284.4

(who are also co-counsel on at least two other lawsuits Butowsky has recently filed) had relied on the other to effectuate service, and had only recently learned that Defendants had not, in fact, been served. *See* Mot. for Ext. at 1. Butowsky also filed a subsequent document entitled "Supplemental Brief in Support of Motion for Extension" ("Supp.", *see* Dkt. No. 7) that included additional authorities and arguments in support of why the Complaint should not be dismissed. According to Butowsky's Supplemental Brief, his business disparagement claim risked becoming barred on statute-of-limitation grounds if his case were dismissed for failure to serve Defendants and, therefore, under Fifth Circuit precedent, his Complaint should not be dismissed. *See* Supp. 1–2.

Rather than let the Court rule on his belated (and meritless) motion, Butowsky decided instead to lob a personal attack against Defendant Wigdor through the media, stating, "Wigdor's motion to dismiss was nasty and personal, but that fits his personality[.]"[1] This comment, in addition to his failure to even attempt service until after the deadline to do so had passed, is indicative of Butowsky's relentless and continuous bad faith campaign of harassment towards the Wigdor Defendants. This Court should not permit Butowsky to play fast and loose with the rules of procedure, particularly where he has failed to show any good cause for his dereliction of his duties. And, of course, to the extent that any of Butowsky's claims may have become time barred by his counsel's failure to timely complete service of process, he has a remedy—but it is not against Wigdor. For the reasons discussed below, Butowsky's Motion for an Extension should be denied.

---

[1] *See* Ex. A at 2 (Kevin Penton, *Atty Says Ex-Fox Guest's Defamation Suit Served Too Late*, Law360, Nov. 5, 2019, https://www.law360.com/employment/articles/1216904/atty-says-ex-fox-guest-s-defamation-suit-served-too-late?nl_pk=e92bd9c8-3ac2-488d-9134-3a6edfd28529&utm_source=newsletter&utm_medium=email&utm_campaign=employment.).

## ARGUMENTS AND AUTHORITIES

As the Wigdor Defendants outlined in their Motion to Dismiss, Butowsky's Complaint should be dismissed because he failed to serve the Wigdor Defendants within the requisite 90 days set forth in Rule 4(m), and no good cause exists to excuse this failure. *See* Mot. to Dismiss at 10–12. Nothing set forth in Butowsky's Motion for Extension or Supplemental Brief alters that conclusion. Indeed, Butowsky all but *concedes* in his Motion for Extension that he has no good cause supporting his failure to serve the Wigdor Defendants, but that he and his counsel were apparently inexcusably neglectful of their basic obligations. Nor do his arguments in the Supplemental Brief support any entitlement to an extension of his time to serve the Complaint, as opposed to an outright dismissal of the Complaint. Specifically, Butowsky invokes a line of Fifth Circuit cases that address the standard for dismissal under Rule 4(m) where a dismissal would likely bar a claim on statute-of-limitations grounds. But these cases are of no help to Butowsky because he has failed to explain why any of his claims could be barred on such grounds in the face of the allegations he has pleaded in his Complaint. Butowsky's Complaint goes to great lengths to plead "factual" allegations that appear to demonstrate that his business disparagement claim is timely; yet, he now takes a contrary position and appears to no longer stand by these very same allegations in order to convince the Court that a dismissal of his Complaint would time-bar that claim. Butowsky cannot have it both ways.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause" as that term is used in Rule 4(m), "requires 'at least as much as would be required to show excusable

neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (same). "In addition, courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified.'" *Gartin*, 289 F. App'x at 692 (quoting *Lambert*, 44 F.3d at 299); *Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

In his Motion for Extension, Butowsky confirms that there is no good cause for his failure to timely serve the Wigdor Defendants. His sole explanation on this front is a failure of his counsel to communicate with one another: "The undersigned was relying on his co-counsel, as lead counsel, to serve the ORIGINAL COMPLAINT, but he learned over the weekend [which still was beyond the 90-day service period] that the complaint had not been served." Mot. for Ext. at 1. That explanation is patently inadequate to establish good cause. Fifth Circuit precedent is clear on this point: good cause is more than inadvertence or mistake of counsel. *See Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Winters,* 776 F.2d at 1306; *Gartin*, 289 F. App'x at 693 (affirming dismissal in "a classic case 'mistake of counsel' or 'ignorance of the rules,' which does not suffice to establish good cause under Rule 4(m)").

The inexcusability of Butowsky's failure is all the more evident given that he did not even request the issuance of summonses in this case until he filed his Motion for Extension. *See* Mot. for Ext. at 1–2. That late request is hard to square with Butowsky's counsel's claim that he was "relying on his co-counsel, as lead counsel, to *serve*" Defendants, but just now learned that co-counsel had failed to do so. How Butowsky's counsel expected service to be effectuated in the absence of a summons is not explained in his motion papers. Were that not enough, Butowsky's

excuse for failing to serve the Wigdor Defendants in this action further strains credulity given his affirmative actions in other cases. As the Wigdor Defendants outlined in their Motion to Dismiss, Butowsky had no problem serving Wigdor LLP with a subpoena for documents in another action which has now been quashed by the United State District Court for the Southern District of New York. *See* Mot. to Dismiss at 12, fn. 1.

Butowsky argues, nonetheless, that "an extension of time is mandatory under the circumstances of this case." *See* Supp. at 1. However, he misconstrues the relevant caselaw. Butowsky bases this argument on a line of Fifth Circuit authority that states that "[i]f the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Thrasher*, 709 F.3d at 512 (quotation marks omitted). However, dismissal under this standard "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* at 513 (quotation marks omitted). "To warrant dismissal," accordingly, a court "must find a delay longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Id.* (quotation marks omitted). According to Butowsky, if his Complaint is dismissed now, his business disparagement claims will be barred by the applicable two-year statute of limitations because they arose more than two years ago. *See* Supp. at 1. As such, Butowsky argues, "an extension should be granted" here "because there has not been 'a clear record of delay or contumacious conduct by the plaintiff,' nor has there been a delay 'longer than just a few months.'" Supp at 1–2 (quoting *Thrasher*, 709 F.3d at 512– 13). This argument misses the mark.

Aside from his mere say-so, Butowsky provides nothing *rooted in the factual allegations of his Complaint* to support his contention that his business disparagement claim would likely be

barred on statute-of-limitation grounds were the Court to dismiss his complaint for failure to timely effectuate service. Indeed, the factual contentions of his Complaint run directly counter to the argument presented in his Supplemental Brief. In his Complaint, Butowsky dedicates paragraph after paragraph to the alleged publication and republication of allegedly defamatory statements made by the Wigdor Defendants. *See, e.g.*, Compl. ¶¶ 135–88. And Butowsky characterizes the Wigdor Defendants' allegedly defamatory statements as having been "republished numerous times within the past two (2) years, including by Newsweek on March 29, 2018." *Id.* ¶ 186. "Wigdor and Wheeler's intentionally false and defamatory statements," he alleges, have been "republished by third-parties hundreds of times in the past year" and "have devastated Butowsky." *Id.* ¶ 188.

Butowsky cannot have it both ways. He cannot characterize the allegedly damaging publications as continuing throughout the year prior to filing this suit in his Complaint on one hand, and as falling outside of the two-year statute-of-limitations window on the other hand, in an attempt to lessen the sting of his inexcusable failure to timely serve the Wigdor Defendants. If anything, Butowsky's acknowledgement that his counsel's failure to timely serve his Complaint may have jeoparded his claims is an indictment of his counsel rather than a reason to excuse his otherwise inexcusable failure to serve Defendants. Regardless, the Court need not engage in Butowsky's statute-of-limitations argument because they are belied by the allegations in his own Complaint.[2]

---

[2]   Butowsky's filing is also deficient for failure to meet and confer with the Wigdor Defendants or their counsel. A motion for extension of time is not one excepted from the meet-and-confer requirement under local rules. *See* E.D. Tex. Local Rule CV-7(i). Butowsky, accordingly, was required to meet and confer with the Wigdor Defendants, and, in the case of impasse, include with his motion a "certificate of conference" making clear the motion is opposed. *Id.* Butowsky failed on both counts.

In sum, Butowsky failed to timely serve the Wigdor Defendants under Rule 4(m).  His own deficient and bare filings (devoid of any evidence that any miscommunication, misunderstanding, or confusion actually occurred) clearly demonstrate how he has no good-cause excuse for his failure.  In addition, Butowsky's failure to even request the issuance of summonses until well *after* the 90-day service period had ended,  along with his ability to serve Wigdor LLP  with a subpoena for documents in another action, makes clear just how there is no excuse for his failure to timely serve his Complaint.  Nor has Butowsky, as is his burden, demonstrated why any heightened standard should apply in this case, as his own allegations belie any assertion that a dismissal at this stage threatens to bar his claims.  Butowsky's Motion for Extension should, therefore, be denied.

## CONCLUSION

For the foregoing reasons, the Wigdor Defendants pray the court deny Plaintiff's Motion for an Extension, grant their Motion to Dismiss, and dismiss the claims against them in their entirety.  The Wigdor Defendants further request the court award such other relief, in law or in equity, to which they may be justly entitled.

DATE: November 18, 2019				Respectfully submitted,

**DYKEMA GOSSETT, PLLC**

*/s/ Christopher D. Kratovil*
Christopher D. Kratovil
State Bar No. 24027427
ckratovil@dykema.com
Adam Nunnallee
State Bar No. 24057453
anunnallee@dykema.com
1717 Main Street, Suite 4200
Dallas, Texas 75201
(214) 462-6400
(214) 462-6401 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon on all counsel of record on November 18, 2019, in compliance with the Federal Rules of Civil Procedure.

>                                        */s/ Christopher D. Kratovil*
>                                        Christopher D. Kratovil