**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ED BUTOWSKY, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 4:19-cv-00577 (ALM) |
| | § | |
| DOUGLAS H. WIGDOR, | § | |
| WIGDOR LLP, ROD WHEELER, | § | |
| | § | |
| | § | |
| DEFENDANTS | § | |

**REPLY IN SUPPORT OF RULE 12(B)(2) & (5) MOTION
TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL
JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS**

Defendants Douglas H. Wigdor and Wigdor LLP (together, the "Wigdor Defendants") file this Reply in support of their Motion to Dismiss the Complaint filed by Plaintiff Ed Butowsky for lack of personal jurisdiction and for insufficient service of process (Dkt. No. 8).

In their Motion to Dismiss, the Wigdor Defendants established that the Court lacks personal jurisdiction over them and that Butowsky failed to timely serve them without good cause. The Wigdor Defendants are not connected in any meaningful way to Texas and none of the allegedly defamatory statements were about or focused in any way on Texas as required for the exercise of personal jurisdiction consistent with due process. Nothing in Butowsky's Response ("Resp.", *see* Dkt. No. 10) alters that conclusion. Butowsky has failed to offer any evidence or point to any pleaded factual allegations showing or even plausibly suggesting that Defendants have the requisite contacts with Texas for this Court to exercise jurisdiction over them. And Butowsky's argument that the currently pled facts are sufficient for jurisdiction fundamentally misreads controlling law on the issue. Butowsky's Complaint should be dismissed for lack of jurisdiction

and the Court should refuse to indulge Butowsky's request that it refrain from ruling on the motion on the promise that an as-of-yet undisclosed amended complaint will eventually cure the jurisdictional defects in this case. Butowsky has provided no evidentiary basis to doubt that personal jurisdiction is plainly lacking here and his promise to amend in the future should be seen for what it is: a stall tactic.

Finally, Butowsky's Response fails to offer any good-cause excuse for his failure to serve the Wigdor Defendants within the 90 days allowed by Rule 4(m). Given the absence of personal jurisdiction over the Wigdor Defendants and the absence of timely service, this case should be dismissed.

## ARGUMENTS AND AUTHORITIES

**I.     Butowsky Has Failed to Establish Personal Jurisdiction over the Wigdor Defendants**

Butowsky's Complaint should be dismissed as against the Wigdor Defendants for lack of personal jurisdiction. Butowsky has abandoned any argument that general personal jurisdiction exists over the Wigdor Defendants, *see* Resp. at 3. He must, therefore, establish that this Court has specific jurisdiction over them. Butowsky has failed to do so. He fundamentally misapprehends the law that controls the question, and he has introduced no evidence rebutting the sworn declarations submitted by the Wigdor Defendants establishing their lack of contacts with acts directed at the State of Texas, as well as their lack of any acts directed at Texas. In the end, Butowsky argues that specific jurisdiction exists over the Wigdor Defendants in Texas on the sole basis that he is a resident of the state. That is inadequate as a matter of law.

As the Wigdor Defendants showed in their Motion to Dismiss, Butowsky's Complaint fails to establish specific jurisdiction over the Wigdor Defendants. *See Id.* at 15–24. "To support personal jurisdiction against [a] defaming defendant," the Fifth Circuit has emphasized the

requirement that "the forum 'be the focal point of the story.'" *Clemens v. McNamee*, 615 F.3d 374, 379 (5th Cir. 2010) (quoting *Calder v. Jones*, 465 U.S. 783, 789 (1984)). That a plaintiff suffers emotional distress and damage to his professional reputation in his home state is insufficient without more to establish jurisdiction there. *See id.* Instead, the defamatory statements made out-of-state must be adequately ***directed*** at the forum state for personal jurisdiction to exist there. *See id.*; *see also Revell v. Lidov*, 317 F.3d 467, 475 (5th Cir. 2002).

Butowsky fails to provide any evidence or point to any factual allegation in his Complaint that plausibly suggests that the Wigdor Defendants directed or targeted their allegedly defamatory statements at Texas. Similarly, Butowsky offers no evidence or factual allegation that suggests that the Wigdor Defendants drew on sources from Texas in making their allegedly defamatory statements. On the contrary, the Wigdor Defendants' unrebutted sworn declarations demonstrate that they, in fact, did not direct any statements at Texas or draw on sources in Texas in making them. Butowsky has not (and cannot) show that the allegedly defamatory statements were "about Texas," *see Revell*, 317 F.3d at 476, and thus his Complaint is insufficient to support specific personal jurisdiction over the Wigdor Defendants.

Nothing in Butowsky's Response shows otherwise. As an initial matter, Butowsky has failed to submit ***any*** declarations or other evidence that would support the existence of personal jurisdiction in Texas. Nor has he submitted any affidavits that contradict or put at issue the jurisdictional facts sworn to in the declarations the Wigdor Defendants' submitted in support of their Motion to Dismiss. Indeed, Butowsky's Response is completely devoid of facts linking this case specifically to Texas, or showing that the Defendants took actions specifically directed at Texas. The only basis for specific personal jurisdiction Butowsky identifies in his Response is that he happens to live in Texas, and that the national publications at issue could be accessed in

Texas (along with every other state). Even under the caselaw Butowsky cites in his Response, this is an inadequate basis for personal jurisdiction over the Wigdor Defendants.

Butowsky argues that the Supreme Court case *Calder*, 465 U.S. 783, supports personal here. He is wrong. *Calder* (a case interpreted and relied upon by the controlling Fifth Circuit Precedent cited in the Wigdor Defendants' Motion to Dismiss) does not, in fact, support a finding that this Court has personal jurisdiction over the Wigdor Defendants. *Calder* involved a suit by a California resident against a national publication that published allegedly defamatory statements— not attorneys who spoke to the media in connection with their ongoing representation of litigants in a different state. There were, moreover, several specific facts in *Calder*—beyond the plaintiff's mere residence in the forum—that led the Supreme Court to conclude specific jurisdiction existed in that case: the publication at issue, *National Enquirer*, had "a large circulation in California," *i.e.*, "600,000 [] copies," "almost twice the level of the next highest state," 465 U.S. at 785; at least one defendant was a reporter who frequently traveled to California and relied upon phone calls to sources in California, *id.* at 785–86; and "[t]he allegedly libelous story concerned the ***California*** activities of a California resident," *id.* at 788 (emphasis added). Given these California-specific factors, the Supreme Court concluded, "California [was] the focal point both of the story and of the harm suffered," *id.* at 789. Here, in contrast, Butowsky's claims center on statements made by the Wigdor Defendants in New York and Washington D.C., and he has failed to allege (or offer evidence of) any Texas-specific facts similar to those considered in *Calder* to support the conclusion that Texas was in any way the "focal point" of the Wigdor Defendants' allegedly defamatory statements.

Butowsky's reliance on *Walden v. Fiore*, 571 U.S. 277 (2014), is equally misplaced. Contrary to Butowsky's implication, that case did nothing to undermine the controlling Fifth

4

Circuit Precedent relied upon by the Wigdor Defendants. Instead, the Supreme Court reiterated in *Walden* the principle that dooms Butowsky's jurisdictional claims here: "For a State to exercise jurisdiction consistent with due process," the "relationship among the defendant, the forum and the litigation" "must arise out of contacts that the defendant *himself* creates with the forum State." *id.* at 284 (emphasis in original; quotation omitted). In characterizing *Calder*, moreover, the Supreme Court made clear that that decision was based on "various contacts the defendants had created with California (*and not just with the plaintiff*) by writing the allegedly libelous story." *Id.* at 287 (emphasis added). It was "the 'effects' caused by the defendants' article," "*combined with the various facts that gave the article a California focus*" that "sufficed to authorize the California court's exercise of jurisdiction" in *Calder*. *Id.* at 288. Again, Butowsky has neither alleged nor offered evidence supporting the conclusion that Texas was in any way the focus of the Wigdor Defendants' allegedly defamatory statements. And the mere fact that allegedly defamatory statements made their way to Texas is insufficient to establish jurisdiction. *See id.* at 289 ("Petitioner's actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections.").

The Texas state Supreme Court case Butowsky cites, *TV Azteca v. Ruiz*, 490 S.W.3d 29 (Tex. 2016), actually undermines Butowsky's contention that the Court has personal jurisdiction here. In *Azteca*, the Texas Supreme Court made clear that "allegations and evidence that Petitioners **harmed Texas residents in Texas**, Petitioners' broadcasts were viewable in Texas, and Petitioners knew Texans could watch the programs in Texas [were] ***insufficient*** to establish that Petitioners purposefully availed themselves of the benefits of conducting activities in Texas." *Id.* at 34 (emphasis added). Only when the forgoing was taken together with "evidence that Petitioners e*xploited the Texas market to capitalize on the broadcasts that traveled into Texas*," did the Texas

5

Supreme Court conclude that there was purposeful availment sufficient to exercise jurisdiction over the Petitioners. *Id.* (emphasis added). This exploitation included the fact that the news anchor had personally promoted the subject television show in Texas, in an effort to increase viewership in Texas. *See id.* at 49. Butowsky, in contrast, relies exclusively on the insufficient allegation that the Wigdor Defendants' statements happened to have reached Texas (along with the rest of the country) and that they could have foreseen that result. Again, Butowsky fails to present evidence of any Texas-specific factors or nexus. Even under the cases cited by Butowsky, this is inadequate to establish specific personal jurisdiction.[1]

In the end, Butowsky's jurisdictional theory boils down to the proposition that participation in a national publication alone is adequate to hale a participant into court in any forum where that publication could be received. To state this argument is to refute it. Such automatic nationwide jurisdiction over national broadcasts, publications, and internet content simply does not exist. Neither the Supreme Court nor the Fifth Circuit has ever held that a national broadcast exposes the broadcaster and those appearing on the broadcast to personal jurisdiction from coast to coast. Rather, controlling law makes clear Butowsky must show something more—namely, that the forum was in some respect the focus of the alleged defamatory statements. He has failed to

---

[1] Butowsky also relies on *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, (1984), and a copyright case from the District of Connecticut, *Evergreen Media Holdings, LLC v. Warren*, 105 F. Supp. 3d 192 (D. Conn. 2015). Neither support jurisdiction in this case. *Keeton*—a case decided on the same day as *Calder*—involved a magazine publisher that sold "some 10,000 to 15,000 copies" of its magazine in the forum state each month. *Id.* at 772. The Supreme Court concluded that through such sales, the publisher had "continuously and deliberately exploited the [forum] market" and, therefore, "must [have] reasonably anticipate[ed] being haled into court there in a libel action based on the contents of its magazine." *Id.* at 781. In contrast, Butowsky has not demonstrated any exploitation of the Texas market here, let alone a continuous and deliberate one, requisite to support jurisdiction under *Keeton*. Likewise, *Evergreen* does nothing to advance Butowsky's arguments as it involves copyright-specific principles irrelevant to the facts of this case. *See Evergreen Media Holdings, LLC v. Warren*, 105 F. Supp. 3d 192, 198 (D. Conn. 2015).

allege such facts and he has failed to put at issue the jurisdictional facts in the Wigdor Defendants' declarations supporting a lack of jurisdiction here. Given the allegations and evidence, the Court should dismiss Butowsky's Complaint for lack of jurisdiction.

## II. The Court Should Grant the Wigdor Defendants' Motion to Dismiss Now and Not Wait for Butowsky to File Some As-of-Yet Undisclosed Amended Complaint

In his Response, Butowsky says he "intends to amend his complaint not later than January 26, 2019 to . . . state additional facts relevant to personal jurisdiction" and requests "that the Court refrain from ruling on the MOTION until such time as the amended complaint is filed." *See id.* at 2. The Court should decline this request. The Court has everything it needs to address jurisdiction now, and Butowsky cites no authority for the proposition that a court should refrain from making a jurisdictional ruling on the vague promise that some unspecified future amendment will cure jurisdictional defects in the live complaint.

Whatever additional jurisdictional facts Butowsky believes pertinent to the issue should have been furnished with his Response. There was nothing stopping him from providing declarations or other evidence to support jurisdiction at this juncture. And remarkably, Butowsky has failed even to submit a draft of his proposed amended complaint as an exhibit for the Court to evaluate (much less preview to the Court what his amended pleading will look like such that there is reason for the Court to refrain from deciding Defendants' application now). Nor has he actually moved to amend. Instead, Butowsky asks the Court to refrain from ruling on a dispositive motion on his word that he plans to (without having actually moved to) amend his complaint months into the future with facts that will cure the jurisdictional defects in this case.

Butowsky's open-ended promise to re-plead in the future should be taken by the Court for what it is: another example of Butowsky playing fast-and-loose with the rules, combined with a tacit admission that the operative complaint fails to properly allege the existence of specific

personal jurisdiction in Texas. If Butowsky wanted the Court to consider an amended complaint in its jurisdictional analysis, he needed to file it as an exhibit alongside his response, not promise it in the future. Moreover, Butowsky has yet to seek leave of Court to amend his Complaint. The Court should decline Butowsky's invitation to withhold judgment on the Wigdor Defendants' Motion to Dismiss and needlessly draw out meritless litigation on the vague promise of a future amendment.

### III. Butowsky has Failed to Establish Good Cause for His Failure to Serve the Wigdor Defendants

Butowsky has failed to make any showing of good cause for his failure to timely serve the Wigdor Defendants in this case. Instead of demonstrating good cause, he simply begs for leniency from the Court, arguing that some of his claims will be barred by the statute of limitations if his complaint is dismissed for failure to timely serve. Whatever the merit of that argument, the Court need not grant him an extension to serve. Between the absence of personal jurisdiction and the absence of timely service of process, this case should be dismissed, and if some claims are time-barred as a result then Butowsky's remedy is against his counsel rather than against these Defendants.

### CONCLUSION AND PRAYER

For each of the foregoing reasons, the Wigdor Defendants pray the Court grant their Motion and dismiss the claims against them in their entirety. The Wigdor Defendants further request the court award such other relief, in law or in equity, to which they may be justly entitled.

DATE: November 25, 2019          Respectfully submitted,

                                             **DYKEMA GOSSETT, PLLC**

                                             */s/ Christopher D. Kratovil*
                                             Christopher D. Kratovil
                                             State Bar No. 24027427

>ckratovil@dykema.com
>Adam Nunnallee
>State Bar No. 24057453
>anunnallee@dykema.com
>1717 Main Street, Suite 4200
>Dallas, Texas 75201
>(214) 462-6400
>(214) 462-6401 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon on all counsel of record on November 25, 2019, in compliance with the Federal Rules of Civil Procedure.

>*/s/ Christopher D. Kratovil*
>Christopher D. Kratovil