**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
Sherman Division

| | |
|---|---|
| ED BUTOWSKY, | |
| Plaintiff, | |
| v. | Case No.:     4:19-cv-00577 (ALM) |
| DOUGLAS H. WIGDOR, JEANNE M. CHRISTENSEN, MICHAEL J. WILLEMIN, DAVID E. GOTTLIEB, LAWRENCE M. PEARSON, ROD WHEELER, WIGDOR LLP, | |
| Defendants. | |

## SUPPLEMENTAL RULE 12(B)(2) & (5) MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, PLAINTIFF'S FIRST AMENDED COMPLAINT, FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

Defendants Douglas H. Wigdor, Jeanne M. Christensen, Michael J. Willemin, David E. Gottlieb, Lawrence M. Pearson, and Wigdor LLP (together, the "Wigdor Defendants") file this Supplemental Motion to Dismiss the Complaint (Dkt. No. 1 (the "Original Complaint"), or in the alternative, the First Amended Complaint (Dkt. No. 13, the "First Amended Complaint") filed by Plaintiff Ed Butowsky for lack of personal jurisdiction and for insufficient service of process. The Wigdor Defendants submit this Supplemental Motion to Dismiss in response to Butowsky's newly, but improperly, filed First Amended Complaint, which, like Plaintiff's Original Complaint, must also be dismissed in full as to the Wigdor Defendants.

## ARGUMENT

Butowsky's First Amended Complaint should not be considered until Butowsky perfects service of his Original Complaint. That complaint has yet to be served on Defendants Douglas

Wigdor or Wigdor LLP ("Original Wigdor Defendants").  The parties have fully briefed the issue in two separate and pending motions; the Original Wigdor Defendants' Motion to Dismiss under Rule 12(b) (Dkt. No. 8) and, separately, Butowsky's Motion to Extend Time for Service (Dkt. No. 2).  Butowsky's filing of his First Amended Complaint before completing the (now untimely) service of his Original Complaint is transparently a strategy to circumvent the timely service requirements of the Federal Rules.  The Court should reject this tactic and consider the First Amended Complaint only if it also decides to grant Butowsky's Motion for an Extension of Time to serve the Original Defendants in this case with his Original Complaint.  The four new Defendants named in Butowsky's First Amended Complaint—the remaining partners of Wigdor LLP—are ready to respond to the First Amended Complaint in the event the Court grants Butowsky's Motion for an Extension.[1]

Even if the Court considers the First Amended Complaint, it should still dismiss this action. Butowsky's amendment does nothing to cure the jurisdictional defects in his Original Complaint. The Wigdor Defendants are not connected in any meaningful way to Texas and none of the statements that form the basis of Butowsky's claims were about or focused on Texas.  That is true of both Butowsky's Original Complaint and First Amended Complaint.   Independent of Butowsky's failure to perfect service in this case, the Court should dismiss it as to the Wigdor Defendants because Butowsky has failed to allege facts sufficient to establish personal jurisdiction over them.

---

[1]     Defendants Jeanne M. Christensen, Michael J. Willemin, David E. Gottlieb, and Lawrence M. Pearson (the "New Wigdor Defendants") do not concede that they are proper parties to this action as the Original Complaint has never been properly served, and such service is now badly untimely.  However, out of an abundance of caution, the New Wigdor Defendants fully adopt and incorporate the Motion to Dismiss (Dkt. No. 8) filed by the Original Wigdor Defendants with regard to Rule 12(b)(2) and further offer this supplement and affidavit evidence in support of the arguments in that motion.

I.     **Butowsky's First Amended Complaint Should not Be Considered Unless the Court Grants Butowsky's Pending Motion for an Extension of Time to Serve**

Butowsky's failure to timely serve the Original Complaint has been established and the issue fully briefed before this Court.  In their Motion to Dismiss (Dkt. No. 8), the Original Wigdor Defendants, sought dismissal, *inter alia*, on the ground that Butowsky had failed to serve them within 90 days of filing the Original Complaint as required by Rule 4(m).  *See id.* at 10–12.  In his Response (Dkt. No. 10), Butowsky failed to offer any good-cause excuse for this failure; instead, he sought leniency from the Court, claiming that some of his claims would be barred by the statute of limitations if his complaint were dismissed.  *See id.* at 2–3.  In that same filing, Butowsky requested the Court refrain from ruling on the Original Wigdor Defendants' Motion to Dismiss, stating that he intended to amend his complaint no later than January 26, 2019, to add facts relevant to his RICO claim as well as the exercise of personal jurisdiction over the Original Wigdor Defendants.  *See id.* at 2.  Separately, Butowsky moved for an extension of time to complete service of process on the Original Wigdor Defendants, repackaging the same arguments he presented in the motion-to-dismiss briefing (Dkt. Nos. 2, 7, 12).  Remarkably, Butowsky has yet to serve the Original Complaint on the Original Wigdor Defendants.

Instead of allowing the Court to rule on the merits of the untimely service issue pending in two fully briefed motions, Butowsky, without leave of the Court, filed a First Amended Complaint. This new complaint names four new defendants—all partners at Wigdor LLP—and adds two new causes of action.  Six days after filing the First Amended Complaint, counsel for Butowsky contacted Counsel for the Wigdor Defendants and indicated his intention to send waiver of service requests to the four newly named defendants, but making no mention of completing service on the Original Wigdor Defendants.  *See* Ex. A.  Counsel for the Wigdor Defendants responded by informing Counsel for Butowsky that any attempt to file or serve the First Amended Complaint

naming additional defendants would be improper until the Court resolved the threshold motions related to Butowsky's (continued) failure to serve the Original Complaint. *See* Ex. B.  In the event the Court granted Butowsky's Motion to Extend, the newly named defendants would execute service waivers, but if the motion were denied, Counsel for the Wigdor Defendants would not accept service on behalf of any defendant. *See id.*

Given the motions pending before the Court, and Butowsky's attempt to secure service waivers from the four newly named defendants, it is clear Butowsky's strategy is to cure the service defects in his Original Complaint through amendment.  Butowsky seeks to circumvent the service-of-process requirements (and a potential adverse ruling on the pending motions) by filing the First Amended Complaint via the Court's e-file system.  Allowing him to cure the service defects this way would effectively read the service-of-process requirements out of the Federal Rules of Civil Procedure.  The Court should not allow him to do so.  Instead, the Court should only consider the First Amended Complaint if it also decides to grant Butowsky's Motion for Extension.  Butowsky should not be allowed to bootstrap service of an amended complaint to an original complaint that was never timely served.

## II.      The First Amended Complaint Does not Cure the Jurisdictional Defects in Butowsky's Original Complaint and Should be Dismissed Even if Considered

Putting aside all service of process issues, and to the extent the Court considers Butowsky's First Amended Complaint at all, it shares the same fatal flaw as its predecessor because it fails to identify any basis for personal jurisdiction in Texas.  The jurisdictional defects that doom Butowsky's Original Complaint have been fully briefed before this Court.  As the Original Wigdor Defendants outlined in their Motion to Dismiss, they have no physical presence in Texas and are not connected in any meaningful way to Texas.  Further, none of the statements that form the basis of Butowsky's claims in the Original Complaint were about or focused in any way on Texas as

required for the exercise of personal jurisdiction consistent with due process.  In his Response, Butowsky failed to offer any evidence or point to any pleaded factual allegations that plausibly suggested the Original Defendants have the requisite contacts with Texas for this Court to exercise jurisdiction over them.

Consideration of the First Amended Complaint is only proper if and when the Court grants Butowsky more time to complete service on the Original Wigdor Defendants and thereby cures the threshold service issue in this case.  Until Butowsky is allowed to—and does—cure those service defects, none of the defendants have been adequately served.  Moreover, the First Amended Complaint does nothing to cure the fatal jurisdictional flaws of the Original Complaint.[2]  No new factual allegations tie any of the Wigdor Defendants to Texas in a way that would support the exercise of personal jurisdiction.  None of the new allegations show that the statements allegedly made by the Wigdor Defendants were somehow about or targeted at Texas.  And nothing in the First Amended Complaint adds support to Butowsky's argument that the Wigdor Defendants can be haled into a Texas court consistent with due process.  Even if, therefore, the Court considers the First Amended Complaint, it should still dismiss the action as against the Original Wigdor Defendants.

---

[2]     For example, in his First Amended Complaint, Butowsky adds allegations that Jeanne M. Christensen and Michael J. Willemin participated in lawsuits filed by Wigdor LLP against 21st Century Fox, including the lawsuit in which Wigdor LLP represented Defendant Rod Wheeler. *See id.* ¶¶2, 6; *see also id.* ¶¶171, 189–90.  He also attaches and incorporates his Second Amended Complaint in a separate lawsuit, *Butowsky v. Gottlieb, et al.* (E.D. Tex. Case No. 19 Civ. 180), and summarizes its allegations that Wigdor LLP's representation of Wheeler was part of an alleged scheme to "extort" 21st Century Fox.  *See id.* ¶¶3–5.  Butowsky further adds counts for alleged malicious prosecution and violation of New York Judiciary Law 487, *see id.*  ¶¶203–206, and identifies the New Wigdor Defendants as participants in his racketeering allegations, *see id* ¶¶191–193.  As to jurisdiction, the only allegation Butowsky adds is the conclusory contention that the Wigdor Defendants "attempt[ed] to extort the Plaintiff in Texas." *Id.* 19.  None of these amendments add factual allegations that meaningfully connect any of the Wigdor Defendants to Texas.

The First Amended Complaint—to the extent it is considered at all—must also be dismissed as to the New Wigdor Defendants because the Court likewise lacks personal jurisdiction over them.  As discussed at length in the pending Motion to Dismiss, Butowsky's allegations do not support general personal jurisdiction (and Butowsky has conceded as much (*see* Dkt. No.10 at 3 ("The Plaintiff does not contend that the Court has general jurisdiction over the Defendants")).  Just as in the Original Complaint, the allegations in the First Amended Complaint center on allegedly defamatory statements made outside the State of Texas by a resident of New York to another resident of New York that purportedly found their way to Texas through publication by a national news outlet.  Nothing in the First Amended Complaint alters this glaring lack of a jurisdictional nexus with Texas; Butowsky does not claim that any of the New Wigdor Defendants entered Texas, contacted residents of Texas, made statements in or specifically directed at Texas, or conducted any activities whatsoever in or directed towards Texas.

As such, Butowsky has not established that this Court has general personal jurisdiction over the New Wigdor Defendants.  Moreover, as set forth in the New Wigdor Defendants' respective declarations in support of this Supplement, no defendant has had *any* meaningful contacts with the State of Texas.  The New Wigdor Defendants are residents of New York, never resided in Texas, and only passed through the state (if at all) for travel or were in Texas for no more than four or five days in their entire lives, and for only personal, non-business reasons.  *See* Exs. C–F at ¶¶2, 5–7.  The New Wigdor Defendants own no property interest in Texas, pay no taxes in Texas, and maintain no phone or mail contact there.  *Id.* at ¶¶8–13.  Their law firm has no office or other physical presence in Texas; they hold no professional licenses or credentials issued by the State of Texas; and they never sought admission to or been admitted *pro hac vice* in any Texas State or Federal Court.  *Id.*  at ¶¶4, 14, 17.  To the best of their knowledge, the New Wigdor

Defendants have never granted an interview to a Texas-based newspaper, television station, radio station, or any other media outlet exclusively serving Texas. *Id.* at ¶16.  In short, Butowsky cannot meet the "difficult" "continuous and systematic contacts test" because the New Wigdor Defendants have no meaningful—let alone "extensive contacts"—with the forum.  *Bowles v. Ranger Land Sys.*, 527 F. App'x 319, 321 (5th Cir. 2013); *Sangha v. Navig8 Ship Management Private Ltd.*, 882 F.3d, 96, 101-02 (5th Cir. 2018).

Like its never-served predecessor, Butowsky's First Amended Complaint fails to allege that any of the Wigdor Defendants—including both the Original Wigdor Defendants and the New Wigdor Defendants—took any actions in or specifically directed at Texas.  As pled in the First Amended Complaint, the only connection between this case and Texas is that the Plaintiff happens to reside in Texas.  The statements alleged in the First Amended Complaint were not made in or specifically directed at Texas, but rather were made out-of-state by one New York resident to another New York resident and then broadcast nationally.  As fully set forth in the Defendant's Motion to Dismiss (Dkt. No. 8), an out-of-state statement by a non-Texan to a national broadcaster is manifestly insufficient to create specific personal jurisdiction in Texas.  To the extent the Court considers Butowsky's First Amended Complaint, it should be dismissed for all the same reasons set forth in the fully-briefed Motion to Dismiss (Dkt. No. 8), which is incorporated herein by reference and joined by the four New Wigdor Defendants.

## CONCLUSION

For each of the foregoing reasons, the Wigdor Defendants pray that the Court only consider the First Amended Complaint if it also decides to grant Butowsky's Motion for Extension of Time, and, pursuant to Rule 12(b)(2), grant their Motion to Dismiss the claims against the Wigdor Defendants in their entirety for lack of personal jurisdiction.

DATE: December 10, 2019 Respectfully submitted,

**DYKEMA GOSSETT, PLLC**

*/s/ Christopher D. Kratovil*
Christopher D. Kratovil
State Bar No. 24027427
ckratovil@dykema.com
Adam Nunnallee
State Bar No. 24057453
anunnallee@dykema.com
1717 Main Street, Suite 4200
Dallas, Texas 75201
(214) 462-6400
(214) 462-6401 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon on

all counsel of record on December 10, 2019, in compliance with the Federal Rules of Civil

Procedure.