IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EDWARD BUTOWSKY,<br><br>    Plaintiff,<br><br>vs.<br><br>DOUGLAS H. WIGDOR, et al.,<br><br>    Defendants | Case No. 4:19-cv-00577-ALM-kpj |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN**

1. A brief factual and legal synopsis of the case.

   *The Plaintiff contends that the Defendants made an extortionate demand, and that when he refused that demand they filed a baseless lawsuit against him that accused him of conspiring with Fox News and the Trump Administration to peddle a fake news story. The Defendants deny the Plaintiff's allegations.*

2. The jurisdictional basis for the suit.

   *The Court has diversity jurisdiction over the Plaintiff's claims under 28 U.S.C. § 1332 insofar as the Plaintiff resides in Texas and all of the Defendants reside in other states. Most of the Defendants allege that the Court lacks personal jurisdiction over them.*

3. A list of the correct names of the parties to this action and any anticipated additional or potential parties.

   *The Plaintiff is Edward Butowsky. The Defendants are Douglas H. Wigdor, Jeanne M. Christensen, Michael J. Willemin, David E. Gottlieb, Lawrence M. Pearson, Rod Wheeler, and Wigdor, LLP.*

4. A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.

   *<u>Aaron Rich v. Edward Butowsky, et al.</u>, Case No. 1:18-cv-00681-RJL (D.D.C.)(in discovery); <u>Ed Butowksy v. David Folkenflik, et al.</u>, Case No. 4:18-cv-00442 (E.D. Tex)(in discovery); <u>Joel and Mary Rich v. Fox News Network, LLC, et al.</u>, Case No. 18-cv-2223 (S.D.N.Y.)(in discovery); and <u>Edward Butowsky v. Douglass H. Wigdor, et al.</u>, Case No. 4:19-cv-00577 (E.D.Tex.)(party discovery has not begun).*

5. Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.

*The parties are awaiting the Court's decision on service of process and personal jurisdiction before exchanging initial disclosures. If the Court does not rule on those issues sooner, the parties will exchange disclosures at least three days before the scheduling conference.*

6.  Proposed scheduling order deadlines.

    *Please see the attached Appendix 1.*

7.  Describe in accordance with Rule 26(f)

    (i) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

    *The Plaintiff expects to conduct discovery regarding whether the Defendants coordinated with third parties before filing baseless claims against him. The Plaintiff further intends to inquire about additional evidence that the Defendants' knew the claims were false before they were filed. The parties do not believe it is necessary to conduct discovery in phases.*

    (ii) Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI.   Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report;

    *The parties not expect to have any unusual issues regarding ESI between themselves, although some such issues may be encountered with third parties. When serving subpeonas duces tecum on third parties, the Plaintiff intends to demand production of ESI in native format.*

    (iii) Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order;

    *The parties have not yet reached any agreements regarding these matters.*

    (iv) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed;

    *The parties do not believe any such changes are necessary.*

    (v) Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).

*The parties are not currently seeking any such orders.*

8. State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.

    *The Plaintiff has not made settlement proposals and does not believe that he reasonably can until some amount of discovery has been completed. The parties have not yet agreed on a mediator, but would propose mediation at the end of discovery.*

9. The identity of persons expected to be deposed.

    *Other than party depositions, the parties are not presently aware of anyone else who needs to be deposed.*

10. Estimated trial time and whether a jury demand has been timely made.

    *The Plaintiff estimates that trial will take 60 hours. The Plaintiff made a timely demand for a jury trial.*

11. The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

    *The Plaintiff will be represented by Ty Clevenger. Defendants Douglas H. Wigdor, Jeanne M. Christensen, Michael J. Willemin, David E. Gottlieb, Lawrence M. Pearson, and Wigdor, LLP will be represented by Christopher Kratovil and Adam Nunnallee. Defendant Rod Wheeler has not been served and has not entered an appearance.*

12. Whether the parties jointly consent to trial before a magistrate judge.

    *The parties do not consent to trial before a magistrate judge.*

13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.

    *The parties believe it will be essential to address personal jurisdiction and service of process at the Court's earliest opportunity.*

Respectfully submitted,

**/s/ Ty Clevenger**
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
979-985-5289
979-530-9523 (fax)
tyclevenger@yahoo.com

*Counsel for Plaintiff Edward Butowsky*