IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ED BUTOWSKY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.: 4:19-cv-577-ALM-KPJ |
| DOUGLAS H. WIGDOR, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Edward Butowsky's ("Plaintiff") Motion for Extension (the "Motion") (Dkt. 2). Plaintiff filed a Supplemental Brief in Support of the Motion (Dkt. 7), Defendants Douglas H. Wigdor and Wigdor LLP (together, the "Wigdor Defendants") filed a response to the Motion (Dkt. 9), and Plaintiff filed a reply (Dkt, 12).[1] Upon consideration, the Court finds that the Motion is **GRANTED**.

**I.     BACKGROUND**

On July 31, 2019, Plaintiff filed this suit against the Wigdor Defendants and Rod Wheeler (collectively, "Defendants"), asserting claims for defamation, business disparagement, civil conspiracy, and violations of Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et seq. See* Dkt. 1. Over ninety days later, on November 4, 2019, Plaintiff filed the

---

[1] In Plaintiff's reply, Plaintiff attempts to incorporate by reference his entire response in opposition to another motion pending before the Court. *See* Dkt. 12 at 1. However, Federal Rule of Civil Procedure 10(c) provides that "a *statement* in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." FED. R. CIV. P. 10(c) (emphasis added). Further, "pleadings" are defined to only include the complaint, answer, and reply to an answer, not responses and replies to motions. *See* FED. R. CIV. P. 7(a). Plaintiff has previously been warned of such deficiencies in his briefing in another case before this Court. *See Butowsky v. Gottlieb*, et al., Case No. 4:19-CV-180-ALM-KPJ, Dkt. 204. Thus, Plaintiff's response to another motion in this case cannot properly be incorporated into his reply to the Motion under the Federal Rules.

1

Motion, requesting that the Court grant Plaintiff an extension of time to serve Defendants with the Complaint. *See* Dkt. 2. The same day, summons was issued for all Defendants. *See* Dkts. 3, 4, 5. On November 5, 2019, the Wigdor Defendants filed a Rule 12(b)(2) & (5) Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process (the "Motion to Dismiss") (Dkt. 8). On November 18, 2019, the Wigdor Defendants responded to the Motion. *See* Dkt. 9.

On November 26, 2019, Plaintiff filed an Amended Complaint (Dkt. 13), asserting claims against additional Defendants Jeanne M. Christensen, Michael J. Willemin, David E. Gottlieb, and Lawrence M. Pearson (collectively, the "New Defendants"). On December 10, 2019, the Wigdor Defendants and the New Defendants filed a Supplemental Rule 12(b)(2) & (5) Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Plaintiff's First Amended Complaint, for Lack of Personal Jurisdiction and Insufficient Service of Process (the "Supplemental Motion to Dismiss") (Dkt. 15).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). "Good cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Coleman v. Carrington Mortgage Services, LLC*, Case No. 4:19-CV-0231-ALM-CAN, 2019 WL 7195392, at *3 (E.D. Tex. Dec. 3, 2019).

### III.   ANALYSIS

In the Motion, Plaintiff states that he failed to serve Defendants within the ninety-day period because Plaintiff's counsel was relying on co-counsel to serve the Complaint. *See* Dkt. 2 at 1. Plaintiff argues that even if Plaintiff has not shown good cause, the Court should extend Plaintiff's deadline to serve because Plaintiff's business disparagement claims will be lost due to the statute of limitations if his claims are dismissed without prejudice. *See* Dkt. 7 at 1.

The Fifth Circuit has held that if "the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal of prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). Since "dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim,'" it "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)). "To warrant dismissal, [the Court] must find a delay 'longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013) (quoting *Millan*, 546 F.3d at 326–27).

Plaintiff's stated reason for his failure to timely serve Defendants with the Complaint—inadvertence on the part of Plaintiff's counsel—does not constitute good cause. *See Coleman*, 2019 WL 7195392, at *3. Despite his failure to show good cause, Plaintiff argues an extension of time to serve should still be granted because Plaintiff's business disparagement claim would be barred by the statute of limitations. *See* Dkt. 7. The Wigdor Defendants counter that Plaintiff's Complaint

makes clear Plaintiff's business disparagement claim would be not barred by the statute of limitations if the Court were to dismiss Plaintiff's claims without prejudice. *See* Dkt. 9 at 6.

The Court finds Plaintiff should be granted an extension to serve Defendants with the Complaint. On the same day that Plaintiff filed the Motion, Plaintiff issued summons to Defendants. *See* Dkts. 2, 3, 4, 5. In total, Plaintiff served Defendants with the Complaint ninety-six (96) days after filing suit. Thus, the Court does not find a "clear record of delay" that would warrant a dismissal with prejudice of Plaintiff's business disparagement claim. *See Thrasher*, 709 F.3d at 513. While the Wigdor Defendants argue that Plaintiff's Complaint includes allegations to support a finding that Plaintiff's business disparagement claim would not be barred by the statute of limitations if the Complaint was dismissed without prejudice, Plaintiff can be judicially estopped from making this argument in a later pleading. *See Feuerbacher v. Wells Fargo Bank*, Case No. 4:15-CV-59, 2016 WL 3669744, at *3 (E.D. Tex. July 11, 2016) ("A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently."). Thus, the Court finds that Plaintiff's Motion should be granted in order to avoid Plaintiff's business disparagement claims being barred by the statute of limitations.

### IV.    CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's Motion (Dkt. 2) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's service of Defendants with the Complaint (Dkt. 1) was timely made.

As Plaintiff filed Plaintiff's Amended Complaint (Dkt. 13) within twenty-one (21) days of the Wigdor Defendants' Motion to Dismiss (Dkt. 8) in accordance with Federal Rule of Civil Procedure 15, Plaintiff's Amended Complaint is the live pleading in this matter.

However, the Court notes several deficiencies within Plaintiff's Amended Complaint. Mainly, Plaintiff attempts to incorporate by reference his complaint in another matter before the Court, *Butowsky v. Gottlieb*, *et al.*, Case No. 4:19-CV-180-ALM-KPJ, into his Amended Complaint. *See* Dkt. 13 at 3. As the Court has made clear to Plaintiff in that matter, incorporating an entire complaint from a separate action is not proper under Federal Rules of Civil Procedure 8 and 10. *See Butowsky v. Gottlieb*, et al., Case No. 4:19-CV-180-ALM-KPJ, Dkt. 204; *see also Spears v. McCraw*, 2019 WL 3754218, at *4 (W.D. Tex. Aug. 8, 2019) (citing *Muttathottil v. Gordon H. Mansfield*, 381 F.App'x 454, 457 (5th Cir. 2010)). As such, the Court finds that Plaintiff should file a Second Amended Complaint in accordance with the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff shall file a Second Amended Complaint in accordance with the Federal Rules of Civil Procedure **by September 2, 2020**.

**IT IS FURTHER ORDERED** that the Wigdor Defendants' Motion to Dismiss (Dkt. 8) and the Wigdor Defendants and the New Defendants' Supplemental Motion to Dismiss (Dkt. 15) are **DENIED AS MOOT**, as the Court will address Rule 12 motions as to the live pleadings only.

**So ORDERED and SIGNED this 12th day of August, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE